Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone:  (619) 233-7770
Facsimile:   (619) 297-1022

Attorneys for Katherine York-Nelson

E-filing

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Katherine York-Nelson**<br><br>Plaintiff,<br><br>v.<br><br>**Rickenbacker Collection Services**<br><br>Defendant. | Case Number:  CV10 5888 EDL<br><br>**Complaint For Damages**<br><br>Jury Trial Demanded |

### INTRODUCTION

1. Katherine York-Nelson, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Rickenbacker Collection Services, ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.



2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

6. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

7. Because Defendant does business within the State of California, personal jurisdiction is established.

8. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

9. Plaintiff is a natural person who resides in the City of Fullerton, County of Orange, State of California.

10. Defendant is located in the City of Morgan Hill, the County of Santa Clara, and the State of California.

11. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

12. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly,

debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

13. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

14. Defendant, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

15. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

16. Sometime before May 18, 2009, Plaintiff is alleged to have incurred certain financial obligations.

17. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

18. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

19. Sometime thereafter, but before May 18, 2009, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff does not now, and never did, owe this alleged debt.

HYDE & SWIGART
San Diego, California

20. As far as the plaintiff can determine, this alleged debt occurred after the plaintiff sold her vehicle to a consumer, with all appropriate paperwork completed, and, subsequently, that vehicle was impounded.

21. Subsequently, but before May 18, 2009, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

22. On or about May 18, 2009, Plaintiff received a letter from Defendant demanding payment for the alleged debt.

23. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

24. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

25. Plaintiff called defendant immediately the day she received the letter and spoke with Kay Olsen. She was hostile and belligerent saying that Plaintiff owed $2,120.00 regardless of the car's sale and that they would take whatever means possible to "extract" the money out of Plaintiff. and insisted that Plaintiff owed $2,120.00 in spite of the fact that Plaintiff made it clear that she did not owe the alleged debt. Plaintiff told Defendant to cease all collections and not to contact plaintiff again.

26. Defendant, a third party debt collector, failed, in the first written notice initially addressed to Plaintiff's California address in connection with collecting the alleged debt by Defendant, pursuant to Cal. Civ. Code § 1812.700, and in the manner prescribed by Cal. Civ. Code § 1812.700(b) and Cal. Civ. Code § 1812.701(b), to provide a notice to Plaintiff as prescribed in Cal. Civ. Code § 1812.700(a). Consequently, pursuant to Cal. Civ. Code § 1812.702, this omission by Defendant violated California's Rosenthal Act.

HYDE & SWIGART
San Diego, California

Complaint                                          - 4 of 8 -

27. Subsequently, "Angel," a representative of Defendant telephoned Plaintiff and made a demand for payment of the alleged debt. At that time, Plaintiff explained to Defendant that she did not owe the debt on the car that was the subject of the debt, and that the car had apparently been impounded and stored, had been sold to another consumer before the car was apparently impounded.

28. During this conversation Defendant claimed that it did not matter. Defendant falsely claimed that Plaintiff still had to pay the debt under the law because the records at California's Department of Motor Vehicles (DMV) indicated Plaintiff was still the owner.

29. Through this conduct, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e ,15 U.S.C. § 1692e(10), 15 U.S.C. §1692f(1) and Cal. Civ. Code §1788.17

30. Subsequently, on or about May 26, 2009, Plaintiff contacted her attorney and discussed the allegations of Defendant.

31. Subsequently that day, Plaintiff's attorney telephoned Defendant and spoke with "Angel." Plaintiff's counsel explained to Angel that the plaintiff was represented by legal counsel with regard to the alleged debt and also gave Defendant plaintiff's counsel's name, California state bar number, telephone number, and address.

32. Plaintiff's counsel told Angel that contrary to Defendant's allegations, Plaintiff did not owed the alleged debt.

33. Plaintiff's counsel also told Angel that contrary to his apparent understanding of the law, the fact that California's DMV had apparently not updated its records did not mean the plaintiff owed this alleged debt. Plaintiff's counsel finished the conversation with Angel by telling him that he was not to contact Plaintiff directly. Angel said, "Okay."

34. On or about May 31, 2009 the plaintiff mailed a letter to the defendant and advised Defendant that the alleged debt was not hers, she was not paying the alleged debt, she wished the defendant to stop contacting her, and that she was represented by legal counsel. She also gave the defendant her legal counsel's name, address, telephone number and fax number.

35. On or about April 27, 2010, the defendant began telephoning the plaintiff directly and again demanded payment. Defendant told Plaintiff that they were "resuming collections." This activity continued the next day as well. Each time the plaintiff advised the defendant that she was represented by legal counsel and referred back to the May 31, 2009, letter. Defendant said that they were going to continue with the collection process.

36. Each time the defendant stated that they did not care and that they intended to continue to attempt to collect the alleged debt from the plaintiff.

37. Without the prior consent of the consumer given directly to the Defendant or the express permission of a court of competent jurisdiction, Defendant communicated with the consumer in connection with the collection of a debt when Defendant knew the consumer was represented by an attorney with respect to such debt and had knowledge of, or could have readily ascertained such attorney's name and address. Consequently, Defendant violated 15 U.S.C. § 1692c(a)(2), 15 U.S.C. § 1692c(c) as well as Cal. Civ. Code § 1788.17.

38. Through this conduct, Defendant was collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Defendant violated 15 U.S.C. § 1692f(1), as well as Cal. Civ. Code § 1788.17.

## CAUSES OF ACTION

### COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
## 15 U.S.C. §§ 1692 ET SEQ.

39. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

40. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

41. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II
## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)
## CAL. CIV. CODE §§ 1788-1788.32

42. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

43. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

44. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);

45. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: 12/20/10

By: _____
Robert L. Hyde

Attorneys for the Plaintiff